### DUNCAN M. KENNEDY v. JOHN JOHNSON et al.

A B and C, tenants in common, sells a tract of land to D, reserving "to them-selves the right to live in the dwelling house upon said land, and to use all necessary outhouses, and to cultivate so much of said land as they may need during their natural lives." A and B die, and the survivor, C, sells the land to E. who takes possession of all of the tract not used by C. In a suit by D. against E, to recover possession of the land and for damages: *Held* that C, the life tenant, was properly admitted to defend the action ; and that the said action for the recovery of the land being commenced during the life-time of C was premature, and could no be sustained.

The relief sought in the complaint of a plaintiff must be sought in the Court below, and must not be sprung in the Appellate Court for the first time.

CIVIL ACTION for title and possession of a tract of land, tried before *Buxton, J.*, at the Spring Term, 1873, of the Superior Court of RICHMOND county.

One of the defendants, Archibald McLaurin, having left the premises sued for before the trial, the suit as to him was discontinued. The other defendant, Margaret Sinclair, claiming an interest in the land, was admitted as defendant upon filing the proper affidavit.

In his complaint the plaintiff claimed three hundred acres of land under a deed from Daniel Sinclair, Isabella

Sinclair and the defendant, Margaret Sinclair, of date 22d January, 1866. For the consideration of five hundred dollars, and the further consideration of six bushels of corn, six ditto of wheat, and thirty-three and one-quarter pounds of pork to be paid by plaintiff yearly, the parties conveyed to him the land in controversy, "*retaining to themselves the right to live in the dwelling house upon said land, and to use all necessary outhouses, and to cultivate so much of said land as they may need during their natural lives.*"

The plaintiff alleged that the defendants, Johnson and McLaurin, were in possession of said land, and demanded judgment for the same and for five hundred dollars damages.

The answers of the defendants alleged that the deed to the plaintiff was procured from the parties, who were old, ignorant and in feeble heath, and who had been stripped by Sherman's army of everything they had by misrepresentation and fraud, and that the consideration mentioned in it had never been paid.

Daniel and Isabella Sinclar died before the commencement of the suit. Margaret Sinclar was living in the dwelling house on the land. The other defendant, Johnson, who had in October, 1870, purchased the land from Margaret was in possession of the remaining portion thereof.

The defendant submitted upon the plaintiff's own showing that this action was premature, as upon a proper construction of his deed his right to the possession of the property was not complete with the death of Margaret Sinclair.

The plaintiff contended that so far as Margaret Sinclair was concerned, she had admitted in her answer that she had disposed of her interest in the land by deed to her co-defendant, and therefore had no right to make herself a party to the suit, and moved that her name be stricken from the record. His Honor refused the motion, and the plaintiff excepted. The plaintiff further contended that as to the

defendant, Johnson, he was entitled to a recovery against him.

His Honor, upon consideration, was of opinion that it appeared from the answers that the relation between the defendants, Johnson and Margaret Sinclair was congeable; and further, that this action brought in the lifetime of Margaret Sinclair, the survivor of the life tenants, was premature; and so intimating that the plaintiff was not entitled to recover in deference to such opinion, the plaintiff submitted to a non-suit. Judgment of non-suit, and appeal.

*N. McKay* and *Hinsdale*, for appellant.
*W. McL. McKay*, contra.

READE, J.   By a proper construction of the deed of 22d January, 1866, from the three Sinclairs to the plaintiffs, the dwelling and other houses and so much of the land as they might need, was retained by the grantors during their lives and the life of the survivor.   So that the plaintiff has no control whatever over it, nor entitled to the possession.   If this were not so, if there was no reservation in the deed in so many words, still the stipulations in the deed would in equity be construed an agreement on the part of the plaintiff that the grantors should possess and enjoy the houses and so much of the land as they need.   And equity would compel the plaintiff to perform the agreement.

Conceding this to be so, then the plaintiff says that on the death of two of the grantors he immediately succeeded to their interests and thereby became tenant in common with the survivor, and is entitled to be let into the joint possession.   We do not think so.   We have already said that the reservation is for the longest life of the grantors, and that during that period the plaintiff has no rights.   And treating it as a covenant on the part of the plaintiff, the circumstances are to be looked to to ascertain the meaning.

Here were a brother and two sisters, very old and infirm, living together, and selling their home, which was all they had in the world, and reserving the use of it during their lives. It is not to be supposed that they meant to give it up as soon as one should die or that a stranger should be let into the house with the survivors or survivor.

Furthermore, the plaintiff does not ask in the pleadings to be let in as tenant in common, but he asks for the exclusive possession. To meet this difficulty his counsel suggested that if not entitled to the precise relief asked for, yet if entitled to any other it should be afforded him. It is true that such is the literal provision of the Code. But it must be understood with the qualification, that whatever relief is sought must be sought below, and must not be sprung in the Appellate Court for the first time.

The right of the plaintiff would seem to be, not to turn the defendant out and take exclusive possession, nor yet to be let into possession with her, but to have an inquiry as to how much of the land the defendant " needs," and then the plaintiff would be entitled to the exclusive possession of all that she does not need. But this relief was not sought in the Court below, nor indeed was it sought here.

The plaintiff also asks to have the cloud removed from his title caused by the fact that the only surviving grantor, the female defendant, had conveyed the land in fee simple to the defendant. And we suppose that upon general principles he would be entitled to that relief. But the defendant alleges that the aforesaid deed was obtained from her by the fraud and circumvention of the plaintiff; and there is so much in the circumstances of the case tending to make the allegation probable that we would leave the plaintiff to his strict legal rights. When the plaintiff shall institute proper proceedings to be let into so much of the land as the defendant does not need, and therefore did not reserve, the

alleged fraud can be set up by the defendant and the question can be tried.

There is no error.

PER CURIAM.                                   Judgment affirmed.